UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

- against -                       14 Cr. 69 (RWS)

                             Opinion

RAYNALDO VICENTE,

                Defendant.
------------------------------------X

Sweet, D.J.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-10-15
```

        Defendant Raynaldo Vicente ("Vicente" or "Defendant") requests that this Court reconsider its February 21, 2015 Order requiring Defendant to be detained pending sentencing, and requests adjournment of Defendant's May 26, 2015 sentencing date.

        Vicente's request to be released on bail while he awaits sentencing is disfavored under federal law. United States v. Abuhamra, 389 F.3d 309, 317-18 (2d Cir. 2004). The Defendant's detention pending sentencing is governed by Title 18, United States Code, Sections 3143(a)(2) and 3145(c). Because the Defendant's guilty plea resulted in a conviction of

"an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act," 18 U.S.C. § 3142(f)(1)(C), he must be detained in the absence of either: (1) a finding of a "substantial likelihood that a motion for acquittal or new trial will be granted," id. § 3143(a)(2)(A)(i), or a recommendation from the Government "that no sentence of imprisonment be imposed," id. § 3143(a)(2)(A)(ii), and a finding "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community," id. § 3143(a)(2)(B); or (2) "exceptional reasons why such person's detention would not be appropriate," id. § 3145(c).

Acquittal or a new trial is not substantially likely, the Government has not requested that the Defendant not be imprisoned, nor has Defendant identified the requisite "exceptional reasons" as contemplated by Section 3145(c). See United States v. Bonczek, 08 Cr. 361, 2009 WL 2924220, at *4 (S.D.N.Y. Sept. 8, 2009) ("the overwhelming weight of cases hold that personal situations that are purely personal and typical of any criminal defendant facing a significant prison sentence do not rise to the level of exceptional circumstances"). Moreover, clear and convincing evidence that the Defendant does not pose a danger and will not flee has not been presented. Therefore, the

Defendant's request for reconsideration of this Court's February 25, 2015 decision is denied.

Conversely, the Defendant's unopposed request for adjournment of his sentencing date is granted. His sentencing is rescheduled for September 21, 2015.

It is so ordered.

New York, NY
March 10, 2015

ROBERT W. SWEET
U.S.D.J.