UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X

UNITED STATES OF AMERICA

        -against-

REYNALDO VICENTE,

                Defendant.

-----------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

14 Cr. 69-1 (RWS)

SENTENCING
OPINION

**Sweet, D.J.**

        On November 4, 2014, Reynaldo Vicente ("Vicente" or
"Defendant") allocated to one count of conspiracy to distribute
and possess with intent to distribute 5 kilograms and more of
cocaine, with which he was charged in an indictment filed on
February 3, 2014. For the reasons set forth below, Vicente will
be sentenced to 168 months' imprisonment, followed by three
years' supervised release, subject to the scheduled sentencing
hearing on March 16, 2016. Vicente is also required to pay a
special assessment of $100.

**Prior Proceedings**

        Vicente is named in a single count indictment filed in the
Southern District of New York on February 3, 2014. Count One

1

charges that from at least in or about 2006, up to and including
in or about October 2013, in the Southern District of New York
and elsewhere, Vicente and others intentionally and knowingly
did combine, conspire, confederate and agree together and with
each other to violate the narcotics laws of the United States,
and that it was a part and object of the conspiracy that Vicente
and others would and did distribute and possess with the intent
to distribute five kilograms and more of cocaine in violation of
21 U.S.C. § 841(a)(1), 841(b)(1)(A), 846. The Indictment
contained a forfeiture allegation that as a result of committed
the controlled substance offense alleged in Count One, Defendant
shall forfeit to the United States, pursuant to 21 U.S.C. 853,
any and all property constituting or derived from any proceeds
that Defendant obtained directly or indirectly as a result of
the offense and any and all property used or intended to be used
in any manner or part to commit and to facilitate the commission
of the offense charged in Count One of the Indictment.

On November 4, 2014, Vicente allocated to his conduct as
charged in the Indictment. He is scheduled to be sentenced on
March 16, 2016.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed —

    (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)  to afford adequate deterrence to criminal conduct;

    (C)  to protect the public from further crimes of the defendant; and

    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4)  the kinds of sentence and the sentencing range established for —

    (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5)  any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Reports ("PSRs") with respect to Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with respect to the offense conduct. These facts are summarized, in brief form, below.

In June 2011, a confidential informant (CI-1) provided information to the Drug Enforcement Administration (DEA) regarding a suspected cocaine distributor known as "Papi." The

4

DEA conducted surveillance, subsequently identifying "Papi" as Vicente. Another cooperating witness (CW-1) identified Vicente as an individual with whom CW-1 had engaged in narcotics trafficking in Manhattan. In approximately 2006, CW-1 provided Vicente with 3 kilograms of cocaine for distribution, in exchange for whim Vicente provided $18,000 in cash. On two separate occasions, CW-1 provided a kilogram of cocaine to Vicente for distribution. At other times between 2006 and 2011, CW-1 and Vicente obtained cocaine from a separate co-conspirator (CC-1). In August 2011, the DEA obtained judicial authorizations to intercept the cellular telephone communications of CW-1.

On August 10, 2011, Vicente called CW-1 to discuss a third party that wanted to purchase 250 grams of cocaine from Vicente. CW-1 agreed to provide Vicente with 200 grams of cocaine. On August 30, 2011, Vicente and CW-1 had further conversations where Vicente offered to pay cash for 150 grams of cocaine from an associate of CW-1, and communicated that Vicente could sell approximately 160 grams of cocaine. The following day, Vicente told CW-1 about a customer who wanted to purchase 125-130 grams of cocaine and asked CW-1 to inquire with his supplier about providing that quantity. Later on August 31, 2011, Vicente requested an additional 90 grams of cocaine.

Vicente was arrested on January 6, 2014. In his post-arrest statement, Defendant admitted that he recognized his voice on the recordings.

## The Relevant Statutory Provisions

For Count One of the Indictment, the maximum term of imprisonment is 20 years. 21 U.S.C. §§ 841(b)(1)(C), 846. The Court must impost a term of supervised release of at least three years. 21 U.S.C. § 841(b)(1)(C). The Defendant is eligible for not less than one nor more than five years' probation because the offense is a Class C Felony. 18 U.S.C. § 3561(c)(1). The maximum fine is $1,000,000.00. 21 U.S.C. § 841(b)(1)(C). A special assessment of $100 is mandatory. 18 U.S.C. § 3013.

## The Guidelines

The 2014 edition of the United States Sentencing Commission Guidelines Manual, incorporating all guideline amendments, has been used in this case for calculation purposes, pursuant to U.S.S.G. § 1B1.11.

The guideline for a 21 U.S.C. § 846 and § 841(b)(1)(C) offense is found in U.S.S.G. § 2D1.1. An offense involving at

6

least 150kg of cocaine has a base offense level of 36. U.S.S.G.
§ 2D1.1.

No aggravating adjustments apply to Defendant. The adjusted
offense level therefore remains 36. For having clearly
demonstrated acceptance of responsibility for the offense, the
offense level is decreased by two levels. U.S.S.G. § 3E1.1(a).
The Defendant has assisted authorities in the investigation or
prosecution of Defendant's own misconduct by timely notifying
authorities of the intention to enter a plea of guilty. The
offense level is therefore decreased by an additional level.
U.S.S.G. § 3E1.1(b). The total offense level is therefore 33.

Defendant was arrested on April 11, 2005 and pleaded guilty
on February 24, 2006 in New York County Supreme Court, New York
to criminal possession of a controlled substance in the third
degree. Indictment No. 01956N-2005. He was discharged from
supervision on December 22, 2007. The criminal conviction
results in a subtotal criminal history score of three. Two
additional points are assessed as the defendant was on parole at
the time of the instant offense. U.S.S.G. § 4A1.1(d). The total
criminal history score is therefore five. Pursuant to Chapter 5,
Table A of the U.S. Sentencing Guidelines, a criminal history
score of five establishes a criminal history category of III.

Based on the total offense level of 33 and a criminal history category of III, the guideline range of imprisonment is 168 months to 210 months.

The guideline term of supervised release is three years to life. U.S.S.G. § 5D1.2(c). The Court shall order a term of supervised release when required by statute, U.S.S.G. § 5D1.1(a)(1), or except for a deportable alien who is likely to be deported after imprisonment, when a sentence of imprisonment of more than one year is imposed, U.S.S.G. § 5D1.1(a)(2). In any other case, the Court may order a term of supervised release pursuant to § 5D1.1(b).

Because the applicable guideline range is in Zone D of the Sentencing Table, the Defendant is ineligible for probation. U.S.S.G. § 5B1.1, commentary (2).

The fine range for the instant offense is $17,500 to $1,000,000. Where the defendant is convicted under a statute authorizing (a) a maximum fine greater than $250,000, or (b) a fine for each day or violation, the Court may impose a fine up to the maximum authorized by statute. U.S.S.G. §§ 5E1.2(c)(4), (h)(1).

8

Costs of prosecution shall be imposed on Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The June 24, 2014 advisory from the Administrative Office of the United States Courts provides a daily cost of $80.25, a monthly cost of $2,440.97, and an annual cost of $29,291.62 for imprisonment.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007)

(quoting 18 U.S.C. § 3553(a)), having considered the Guidelines and all of the factors set forth in § 3553(a), the Court has identified no factors that would warrant a departure from the applicable sentencing guideline range.

## The Sentence

For the instant offenses, Reynaldo Vicente shall be sentenced to 168 months in prison for Count One, followed by three years' supervised release.

As mandatory conditions of his supervised release, Defendant shall:

(1)   Not commit another federal, state, or local crime.

(2)   Not illegally possess a controlled substance.

(3)   Not possess a firearm or destructive device.

(4)   Cooperate in the collection of DNA as directed by the probation officer.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

(1)   The Defendant will participate in a program approved by the United States Probation Office, which program may include testing to determine whether the Defendant has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse

10

treatment provider, as approved by the Probation Officer. The Defendant will be required to contribute to the costs of services rendered (co-payment), in an amount determined by the Probation Officer, based on ability to pay or availability of third-party payment.

(2)   Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(3)   Defendant shall participate in a mental health program approved by the U.S. Probation Office. The Defendant shall continue to take any prescribed medications unless otherwise instructed by the health care provider. The Defendant shall contribute to the costs of services rendered not covered by third-party payment, if the Defendant has the ability to pay. The Court authorizes the release of available psychological and psychiatric evaluations and reports to the health care provider.

(4)   Defendant shall cooperate with the immigration authorities and comply with the immigration laws.

(5)   Defendant is to report to the nearest Probation Office within 72 hours of release from custody.

(6)   Defendant is to be supervised by the district of residence.

It is further ordered that Defendant shall pay to the United States a special assessment of $100, which shall be due immediately.

11

Defendant does not have the ability to pay a fine and so the fine in this case is waived.

Defendant shall forfeit the Defendant's interest in any property constituting proceeds from the offense to the United States as indicated in the Indictment.

Defendant is eligible for voluntary surrender. He has kept all court appearances and has been in compliance with all terms and conditions of his pretrial release. He is not viewed as a flight risk or a danger to the community.

It is so ordered.

New York, NY
January 25, 2016

ROBERT W. SWEET
U.S.D.J.